DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Stephen Powers, appeals from the decision of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} At approximately 5:30 P.M. on September 1, 2007, Appellant arrived home from work. A few hours after he arrived home he noticed Shirley Pryor ("Pryor"), the victim, on his front porch. Appellant informed Pryor that he would not allow her inside his home and told her to leave. Several minutes later, Appellant discovered that Pryor had not left his property so he allowed her inside to make a phone call. When Pryor did not make the phone call, Appellant slapped *Page 2 
her in an attempt to force her to leave his home. Appellant admitted to slapping Pryor at least two times. At approximately 8:05 P.M., Pryor ran out of the home. Later that night, Nathan Stuyvesant ("Stuyvesant"), an Akron Police Officer, was dispatched to investigate a call regarding Pryor, who was observed walking down the street, bleeding. The left side of Pryor's face was swollen and several teeth were loose. Pryor informed Stuyvesant that her injuries had occurred at Appellant's home. Officers went to Appellant's home to speak with him. Appellant informed the officers that Pryor had been at his home earlier that night. The officers noticed blood stains on Appellant's clothing and red spots on his couch.
 {¶ 3} Appellant was arrested and indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1). Appellant pled not guilty and the matter was tried before a jury on January 8, 2007. The jury found Appellant not guilty of felonious assault, but guilty of the lesser included offense of assault, a violation of R.C. 2903.13. Appellant was sentenced to 160 days incarceration, which was suspended on the condition that Appellant serve two years community control, with 90 of those days to be served in a work release program. Appellant timely appealed his conviction, raising two assignments of error for our review.
 II. *Page 3 ASSIGNMENT OF ERROR I "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S CRIM. RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL ON THE CHARGE OF FELONIOUS ASSAULT."
 {¶ 4} In his first assignment of error, Appellant contends that the trial court committed reversible error when it denied his Crim.R. 29 motion on the charge of felonious assault. We do not agree.
 {¶ 5} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates "that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Wolfe (1988), 51 Ohio App.3d 215, 216, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Wolfe, 51 Ohio App.3d at 216. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 6} As a preliminary issue, we note that Appellant was not convicted of felonious assault. Rather, he was convicted of the lesser include offense of assault. We have previously found that a "jury's not guilty verdict on [a] * * * charge renders the Crim.R. 29 motion on that charge moot." State v. Price (Jan. 24, 2001), 9th Dist. No. 99CA0027, at *1, citing State v. Williams (1996), *Page 4 74 Ohio St.3d 569, 576. Accordingly, because Appellant was acquitted of the felonious assault charge, we find that his argument regarding the denial of his Crim.R. 29 motion is moot. Therefore, we disregard Appellant's first assignment of error as moot.
 ASSIGNMENT OF ERROR II "APPELLANT'S CONVICTION OF ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} In his second assignment of error, Appellant contends that his conviction of assault was against the manifest weight of the evidence. We do not agree.
 {¶ 8} When a defendant asserts that his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 9} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 10} Appellant was convicted of assault. The jury found that Appellant "knowingly cause[ed] * * * physical harm to another[.]" R.C.2903.13(A). Physical harm "means any injury, illness, or other physiological impairment, *Page 5 
regardless of its gravity or duration." R.C. 2901.01(A)(3). Appellant stated on direct examination that Pryor would not leave his home and that he had to "make her leave." When asked what he had to do to make her leave, Appellant stated that he "tried to slap her and knock her off guard, but it didn't take no effect so I slapped her two more times. When I went around the table so I could drag her to the door, she ran out the door." He also testified that he could not tell if she was injured when she left his home because after he slapped her she immediately ran out the door. Further, on cross-examination, the State inquired if "it is true now that you are telling this jury that you did in fact assault Shirley Pryor the evening of September 1st, 2006, correct?" Appellant answered, "I slapped her."
 "Q: So you admitted you assaulted her?
 "A: Yes.
 "Q: You admit you hit her in the face?
 "A: Yes.
 "Q: You admit you hit her in the face more than one time?
 "A: Yes."
 {¶ 11} Finally, Akron Police Officers Willard Congrove and Stuyvesant testified that upon arrival at Appellant's home they noticed what appeared to be blood stains on the couch and on Appellant's clothing. Melissa Zielaskiewicz, a forensic scientist at the Ohio Bureau of Criminal Identification and Investigation, testified that she tested the blood stains found on Appellant's clothing for Pryor's DNA. Zielaskiewicz determined that Pryor's DNA was located on the items. In *Page 6 
light of Appellant's testimony that he did in fact slap Pryor several times along with testimony that Pryor's blood was found on his clothing, this Court cannot conclude that the jury created a manifest miscarriage of justice in finding Appellant guilty of assault. Accordingly, Appellant's second assignment of error is overruled.
 III {¶ 12} Appellant's first assignment of error is moot and his second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 7 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J., WHITMORE, J., CONCUR. *Page 1